NEAL M. COHEN (SBN 184978) [nmc@viplawgroup.com]
JAMES K. SAKAGUCHI (SBN 181010) [jks@viplawgroup.com]
Vista IP Law Group LLP
100 Spectrum Center Drive, Suite 900
Irvine, California 92618
Tel: (949) 724-1849
Fax: (949) 625-8955

Attorneys for Plaintiff
  Storz & Bickel GmbH & Co. KG

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Storz & Bickel GmbH & Co. KG,<br><br>  Plaintiff,<br><br>  v.<br><br>Clovershield, Inc., a California corporation,<br><br>  Defendants. | Case No. **'17 CV 1434 WQH JMA**<br><br>**PATENT**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 6,513,524**<br><br>**DEMAND FOR JURY TRIAL** |

Storz & Bickel GmbH & Co. KG ("Plaintiff"), for its Complaint against Clovershield, Inc. ("Defendant"), alleges as set forth herein.

**Jurisdiction And Venue**

1. This cause of action arises under the United States patent laws, Title 35 of the United States Code. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because Defendant resides in this District, and also because Defendant has committed acts of infringement and has a regular and established place of business in this District.

## PARTIES

3. Plaintiff is a company duly organized and existing in accordance with the laws of Germany, with its principal place of business located in Germany.

4. Upon information and belief, Defendant is a California corporation, with its principal place of business located at 5005 Texas Street, Suite 102, San Diego, California, 92108.

## Count 1
## Patent Infringement of U.S. Patent No. 6,513,524

5. On February 4, 2003, United States Patent No. 6,513,524 ("the '524 Patent"), titled "INHALER FOR PRODUCTION OF AROMA- AND/OR ACTIVE SUBSTANCE-CONTAINING VAPORS OF PLANT MATERIALS AND/OR FLUIDS" was issued to Markus H. Storz ("Storz").

6. On or before the date this Complaint is being filed, Storz granted to Plaintiff an exclusive license to the '524 Patent, including the exclusive right to sue for infringement, including past infringement.

7. Plaintiff is currently the exclusive licensee to the '524 Patent, and owns the right to sue for past infringement.

8. The '524 Patent is presumed valid pursuant to 35 U.S.C. § 282.

9. In violation of 35 U.S.C. § 271(a), Defendant has manufactured, used, sold, offered for sale, and/or imported within this judicial district and within other judicial districts, products known as HERBALIZER and CHONG'S CHOICE,

which infringe one or more claims of the '524 Patent, including specifically Claims 4, 7, and 9-12.

10. Plaintiff has been damaged and continues to be damaged by Defendant's acts of infringement of the '524 Patent alleged in this Count. Upon information and belief, the amount of damages is not less than $1,000,000.

11. Plaintiff has been and continues to be irreparably harmed by Defendant's acts of infringement of the '524 Patent alleged in this Count.

12. Defendant's acts of infringement alleged in this Count have been committed despite an objectively high likelihood that such acts constitute infringement of a valid patent, namely the '524 Patent. Further, Defendant knew of this risk, and it was so obvious that it should have been known to Defendant.

13. Upon information and belief, Defendant will continue to commit acts of infringement of the '524 Patent unless enjoined by this Court.

*****

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Pursuant to 35 U.S.C. § 283, the Court preliminarily and permanently enjoin Defendant, and those persons in concert or active participation with Defendant, from further acts of infringement of the '524 Patent;

B. Pursuant to 35 U.S.C. § 284, Plaintiff be awarded damages, interest, and costs, including treble damages;

  C. Pursuant to 35 U.S.C. § 285, the case be declared exceptional, and Plaintiff be awarded reasonable attorney fees;

  D. Plaintiff be awarded pre-judgment and post-judgment interest according to the law; and

  E. Plaintiff be awarded such other relief as this Court deems appropriate.

             Respectfully submitted,

             Vista IP Law Group LLP

Dated: July 16, 2017      s/ Neal M. Cohen
             by: Neal M. Cohen
               Attorneys for Plaintiff
               nmc@viplawgroup.com

## JURY DEMAND

Pursuant to F.R.Civ.P. Rule 38(b), Plaintiff demands a jury trial on all issues triable to a jury.

Respectfully submitted,

Dated: July 16, 2017

s/ Neal M. Cohen
by:   Neal M. Cohen
      Attorneys for Plaintiff
      nmc@viplawgroup.com